PEARSON, J.

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| STONYO FILTSHEV, | ) | CASE NO. 4:19-CV-2308 |
| | ) | |
| Plaintiff, | ) | |
| | ) | JUDGE BENITA Y. PEARSON |
| v. | ) | |
| | ) | |
| FEDERAL BUREAU OF PRISONS, *et al.*, | ) | **MEMORANDUM OF OPINION** |
| | ) | **AND ORDER** |
| Defendants. | ) | [Resolving ECF Nos. 2, 6, 7] |

Pending before the Court is the Complaint of *pro se* Plaintiff Stonyo Filtshev against Defendant Federal Bureau of Prisons ("BOP") and Defendant Warden Mark Williams (ECF No. 1). Also pending are Plaintiff's Motion for Leave to Proceed *in forma pauperis* (ECF No. 2), Motion to Take Judicial Notice of September 3, 2019 Order (ECF No. 6), and Motion to Take Notice of Change of Address (ECF No. 7). Plaintiff filed this action in the District Court for the District of Columbia on July 11, 2019. At the time he filed his Complaint, Plaintiff was a federal prisoner incarcerated at FCI Elkton. *See* ECF No. 1. The District Court for the District of Columbia transferred the action to the Northern District of Ohio on September 3, 2019. *See* ECF Nos. 4, 5.

Plaintiff's Complaint pertains to his allegedly unsuccessful efforts to pursue a grievance at FCI Elkton regarding personal property that he contends was secured in a federal penitentiary in Atlanta but was not properly transferred to FCI Elkton. *See* ECF No. 1 at PageID #: 3-5. He seeks a declaratory judgment regarding his rights to pursue a grievance under the BOP's Administrative Remedy Program regarding the property. *Id*. at PageID #: 7-8.

(4:19CV2308)

Plaintiff, however, filed a Notice with the Court on December 18, 2019 indicating he is no longer incarcerated with the BOP. ECF No. 7. Therefore, his Complaint seeking declaratory relief regarding his rights under the BOP's Administrative Remedy Program is now moot. The Sixth Circuit has consistently found that an inmate's claim for declaratory relief based on prison conditions or treatment becomes moot once the inmate is transferred or released. *See Lavado v. Keohane*, 992 F.2d 601, 605 (6th Cir. 1993) (request for declaration that plaintiff's constitutional rights were violated by the way prison officials handled his mail became moot once plaintiff was released from prison); *see also Kensu v. Haigh*, 87 F.3d 172, 175 (6th Cir. 1996) (same).

Accordingly, Plaintiff's Complaint is dismissed for lack of federal subject-matter jurisdiction. *See Marquart v. McGinnis*, 22 F. App'x 383, 384 (6th Cir. 2001) (finding that a case that has become moot due to the occurrence of some event fails to satisfy the case or controversy requirement of the United States Constitution); *see also Winkle v. Shartle*, 2010 WL 3835049, at *2 (N.D. Ohio Sep. 29, 2010) (Katz, J.) (noting that federal courts generally lack subject matter jurisdiction to consider moot claims). Plaintiff's Motion For Leave to Proceed *in forma pauperis* (ECF No. 2), Motion to Take Judicial Notice of September 3, 2019 order (ECF No. 6), and Motion to Take Judicial Notice of Change in Address (ECF No. 7) are granted. The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

| February 12, 2020 | */s/ Benita Y. Pearson* |
|---|---|
| Date | Benita Y. Pearson |
| | United States District Judge |